# EXHIBIT A



**KENTUCKY**
*COURT OF JUSTICE*

**20-CI-00074**

### GARDNER, TERESA VS. GLAXOSMITHKLINE, LLC, ET AL

**MUHLENBERG CIRCUIT COURT**
Filed on **02/12/2020** as **PERSONAL INJURY** with **HON. BRIAN WIGGINS**
**\*\*\*\* NOT AN OFFICIAL COURT RECORD \*\*\*\***

| Parties | 20-CI-00074 |
|---|---|

**GARDNER, TERESA** as **PLAINTIFF / PETITIONER**

**GLAXOSMITHKLINE HOLDINGS (AMERICAS) INC.** as **DEFENDANT / RESPONDENT**

**Memo**
Registered Agent of Service exists.

**Address**
WILMINGTON TRUST SP SERVICES, INC.
1105 N. MARKET STREET, SUITE 1300
WILMINGTON DE 19801

**Summons**
**CIVIL SUMMONS** issued on **02/12/2020** served on **02/19/2020** by way of **CERTIFIED MAIL**
*SIGNED DAVID PATTERSON*

**GLAXOSMITHKLINE, LLC** as **DEFENDANT / RESPONDENT**

**Memo**
Registered Agent of Service exists.

**Address**
5 CRESCENT DRIVE
PHILADELPHIA PA 19112

**Summons**
**CIVIL SUMMONS** issued on **02/12/2020** by way of **CERTIFIED MAIL**

**GLAXOSMITHKLINE, PLC** as **DEFENDANT / RESPONDENT**

**Address**
OFFICE OF SECRETARY OF STATE
700 CAPITAL AVENUE, SUITE 86
FRANKFORT KY 40601

**Summons**
**CIVIL SUMMONS** issued on **02/12/2020** served on **02/20/2020** by way of **LONG ARM STATUTE - SOS - RESTRICTED DELIVERY**
*SOS RECEIVED 02/20/2020;SIGNED LINDA SMITH*

**BRODERICK & DAVENPORT, PLLC** as **ATTORNEY FOR PLAINTIFF**

**Address**
BRODERICK & DAVENPORT, PLLC
PO BOX 3100
BOWLING GREEN KY 42102

**GLAXOSMITHKLINE HOLDINGS (AMERICAS) INC.** as **REGISTERED AGENT OF SERVICE**

**Memo**
Related party is GLAXOSMITHKLINE HOLDINGS (AMERICAS) INC.

**Address**
WILMINGTON TRUST SP SERVICES, INC.
1105 N. MARKET STREET, SUITE 1300
WILMINGTON DE 19801

**GLAXOSMITHKLINE, LLC** as **REGISTERED AGENT OF SERVICE**

**Memo**
Related party is GLAXOSMITHKLINE, LLC

| Address |
| --- |
| CORPORATION SERVICES COMPANY |
| 421 WEST MAIN STREET |
| FRANKFORT KY 40601 |

| Documents | 20-CI-00074 |
| --- | --- |
| **COMPLAINT / PETITION** filed on **02/12/2020** | |
| **REQUEST FOR ADMISSIONS** filed on **02/12/2020** | |
| **REQUEST FOR ADMISSIONS** filed on **02/12/2020** | |
| **REQUEST FOR ADMISSIONS** filed on **02/12/2020** | |

| Images | 20-CI-00074 |
| --- | --- |
| **COMPLAINT / PETITION** filed on **02/12/2020**   *Page(s): 15* | |
| **SUMMONS** filed on **02/12/2020**   *Page(s): 1* | |
| **SUMMONS** filed on **02/12/2020**   *Page(s): 1* | |
| **SUMMONS** filed on **02/12/2020**   *Page(s): 1* | |
| **REQUEST FOR ADMISSIONS** filed on **02/12/2020**   *Page(s): 4* | |
| **REQUEST FOR ADMISSIONS** filed on **02/12/2020**   *Page(s): 4* | |
| **REQUEST FOR ADMISSIONS** filed on **02/12/2020**   *Page(s): 4* | |
| **COURTESY FINANCIAL TRANSACTION REPORT** filed on **02/12/2020**   *Page(s): 1* | |

**\*\*\*\* End of Case Number : 20-CI-00074 \*\*\*\***

# COMMONWEALTH OF KENTUCKY
## MUHLENBERG CIRCUIT COURT
### DIVISION NO. _____

|  |  |  |
|---|---|---|
| **TERESA GARDNER** | ) | |
| | ) | |
| *Plaintiff,* | ) | |
| | ) | |
| -vs- | ) | |
| | ) | |
| **GLAXOSMITHKLINE, LLC** | ) | |
| 5 Crescent Drive | ) | **Civil Action No.:**_____ |
| Philadelphia, PA 19112 | ) | |
| | ) | |
| Please Serve Registered Agent: | ) | |
| Corporation Services Company | ) | |
| 421 West Main Street | ) | |
| Frankfort, KY 40601, | ) | |
| | ) | |
| **GLAXOSMITHKLINE HOLDINGS** | ) | |
| **(AMERICAS) INC.** | ) | |
| | ) | |
| Please Serve Registered Agent: | ) | |
| Wilmington Trust SP Services, Inc., | ) | |
| 1105 N. Market Street, Suite 1300, | ) | |
| Wilmington, DE 19801, | ) | |
| | ) | |
| And | ) | |
| | ) | |
| **GLAXOSMITHKLINE, PLC** | ) | |
| 980 Great West Road, Brentford, | ) | |
| Middlesex, TW8 9GS, United | ) | |
| Kingdom | ) | |
| | ) | |
| Serve Agent for Service of Process: | ) | |
| Office of the Secretary of State | ) | |
| Summons Branch | ) | |
| 700 Capital Ave., Ste. 86 | ) | |
| Frankfort, KY 40601 | ) | |
| | ) | |
| | ) | |
| *Defendants.* | ) | |

Presiding Judge: HON. BRIAN WIGGINS (645316)

COM : 000001 of 000015

Filed          20-CI-00074      02/12/2020          Camron Laycock, Muhlenberg Circuit Clerk

NOT ORIGINAL DOCUMENT
03/11/2020 11:43:47 AM
90450-114

## VERIFIED COMPLAINT

Comes now the Plaintiff, Teresa Gardner, and for her Verified Complaint, states as follows:

1. This is a products liability case involving a defective Shingrix vaccine, which was designed, manufactured, marketed, and distributed by Defendants and administered to Plaintiff.

2. Plaintiff Teresa Gardner is a resident of Muhlenberg County, Kentucky and was at the time of the events, acts and omissions upon which this action is based.

3. Plaintiff was administered the Shingrix vaccine on or about January 21, 2019 by Dr. Ashley Gabbard's medical assistant in Dr. Gabbard's office in Muhlenberg County, Kentucky.

4. After being administered said vaccine, beginning on or about February 3, 2019, Plaintiff was admitted to the hospital in Muhlenberg County, Daviess County and Jefferson County, Kentucky for treatment, suffering from encephalitis, difficulty recognizing people, memory loss, passing out, feeling light-headed and other issues caused by the Shingrix vaccine. Plaintiff Teresa Gardner was released from the hospital, on or about February 14, 2019 and she did not discover, nor was she aware that the Shingrix vaccine caused these issues until a significant time after her release from the hospital.

5. Venue and Jurisdiction are proper in Muhlenberg Circuit Court because a substantial number of the events giving rise to Plaintiff's claims occurred in Muhlenberg County and/or Kentucky, including administration of the Shingrix

Presiding Judge: HON. BRIAN WIGGINS (645316)

COM : 000002 of 000015

2

Filed          20-CI-00074     02/12/2020          Camron Laycock, Muhlenberg Circuit Clerk

NOT ORIGINAL DOCUMENT
03/11/2020 11:43:47 AM
90450-114

vaccine. Upon information and belief, Defendants regularly conducts business in Kentucky. Defendants' commercial activities in Kentucky include, but are not limited to, the advertising, promotion, marketing and sales of Shingrix vaccines.

6. Defendant, Glasxosmithkline, LLC is and, at all times relevant, was a limited liability company existing under the laws of the State of Delaware, with its principal place of business located at 5 Crescent Drive, Philadelphia, PA 19112 and Five Moore Drive, Research Triangle, North Carolina, 27709, and regularly conducted business in the Commonwealth of Kentucky by selling and distributing its products in Kentucky. GSK is registered as a foreign limited liability company with the Kentucky Secretary of State, having an organization number 0750048 and a registered agent in the Commonwealth of Kentucky identified as Corporation Services Company, 421 West Main Street, Frankfort, KY 40601. GSK is a wholly owned subsidiary of GlaxoSmithKline, PLC. GlaxoSmithKline, PLC is a citizen of the United Kingdom, and is not a citizen of any state in the United States.

7. Defendant GlaxoSmithKline Holdings (Americas) Inc. is listed as the member of GSK. GlaxoSmithKline Holdings (Americas) Inc. has a registered agent identified as Wilmington Trust SP Services, Inc., 1105 N. Market Street, Suite 1300, Wilmington, DE 19801.

8. Defendant GlaxoSmithKline, PLC is a citizen of the United Kingdom and GlaxoSmithKline Biologicals is a division of GlaxoSmithKline, PLC. GlaxoSmithKline, PLC is registered in England and Wales No. 3888792 and has registered office of 980 Great West Road, Brentford, Middlesex, TW8 9GS, United

Presiding Judge: HON. BRIAN WIGGINS (645316)

COM : 000003 of 000015

3

Filed          20-CI-00074     02/12/2020          Camron Laycock, Muhlenberg Circuit Clerk DOCUMENT
                                                                    03/11/2020 11:43:47 AM
                                                                    90450-114

Kingdom. GlaxoSmithKline, PLC may be served through the office of the Secretary of State of Kentucky, pursuant to KRS 454.210(2)(a)(1)-(9).

9. Defendants Glaxosmithkline, LLC, GlaxoSmithKline Holdings (Americas) Inc., and GlaxoSmithKline, PLC are all collectively referenced hereinafter as "GSK."

10. GSK designs, makes, imports, distributes, tests, packages, labels, distributes sells and/or offers for sale the Shingrix vaccine. GSK was engaged in the business of designing, licensing, manufacturing, distributing, selling, marketing, and/or introducing into interstate commerce, either directly or indirectly through third parties or related entities, numerous products, including the Shingrix vaccine, as well as monitoring and reporting adverse events associated with the Shingrix vaccine.

11. Plaintiff has suffered personal injuries as s direct and proximate result of the acts and omissions of GSK, as described herein, in connection with the design, development, manufacturing, testing, packaging, advertising, marketing, distributing, labeling, warning and sale of the Shingrix vaccine.

## CAUSES OF ACTION:

## COUNT I – STRICT PRODUCTS LIABILITY

12. That Plaintiff restates and incorporates allegations contained in paragraphs 1 through 11 as if fully set forth herein.

13. At all times herein mentioned, the Shingrix vaccine researched, designed, manufactured, tested, advertised, promoted, marketed, packaged, labeled, sold

4

Presiding Judge: HON. BRIAN WIGGINS (645316)

COM : 000004 of 000015

Filed          20-CI-00074     02/12/2020          Camron Laycock, Muhlenberg Circuit Clerk

03/11/2020 11:43:47 AM
90450-114

and/or distributed by GSK was in an unsafe, defective, and inherently dangerous condition, which was dangerous to users such as Plaintiff.

14. The Shingrix vaccine was expected to and did reach the usual consumers, handlers, and persons, including Plaintiff, coming into contact with said product without substantial change in the condition in which it was produced, manufactured, sold, distributed and marketed by GSK.

15. At all times herein, the Shingrix vaccine researched, designed, manufactured, tested, advertised, promoted, marketed, sold and/or distributed by GSK was in an unsafe, defective, and inherently dangerous condition when it left GSK's possession and entered the stream of commerce.  As designer, manufacturer, and/or seller of such vaccines, GSK had a duty to design, manufacture, and sell vaccines that would not cause harm to users, including Plaintiff.

16. The Shingrix vaccine's unsafe, defective, and inherently dangerous condition was a cause of Plaintiff's injuries.

17. At all times herein mentioned, the Shingrix vaccine failed to perform as safely as an ordinary consumer would expect when used in an intended or reasonably foreseeable manner.

18. GSK was aware of the defects in design of the Shingrix vaccine.

19. Plaintiff is and was a foreseeable user of the Shingrix vaccine.

20. Plaintff was not able to discover, nor could she have discovered through the exercise of reasonable care, the defective nature of the Shingrix vaccine.  Further, in no way could Plaintiff have known that GSK had designed, developed and

Presiding Judge: HON. BRIAN WIGGINS (645316)

5

COM : 000005 of 000015

Filed          20-CI-00074     02/12/2020          Camron Laycock, Muhlenberg Circuit Clerk DOCUMENT
                                                                          03/11/2020 11:43:47 AM
                                                                          90450-114

manufactured the Shingrix vaccine in a way as to make the risk of harm or injury

outweigh any therapeutic benefits.

21. The Shingrix vaccine is and was being used in GSK's intended manner at the time

it was administered to Plaintiff.

22. GSK had a duty to create a product that was not unreasonably dangerous for its

normal, intended use and breached this duty.

23. GSK had a duty under common law and the Kentucky Products Liability Act

("KPLA") to create a product that was not unreasonably dangerous for its normal,

intended use and breached this duty.

24. GSK researched, designed, manufactured, tested, advertised, promoted,

marketed, sold and distributed a defective product which, when used in its

intended or reasonably foreseeable manner, created an unreasonable risk to the

health of consumers, such as Plaintiff, and GSK is therefore strictly liable for the

injuries sustained by Plaintiff.

25. As a direct and proximate result of GSK's placement of the defective Shingrix

vaccine into the stream of commerce and Plaintiff's use of the defective Shingrix

vaccine as designed, manufactured, sold, supplied and introduced into the stream

of commerce by GSK, Plaintiff suffered serious physical and mental injury, harm,

damages and economic loss and will continue to suffer such harm, damages and

economic loss in the future including all damages available under the KPLA.

6

Presiding Judge: HON. BRIAN WIGGINS (645316)

COM : 000006 of 000015

Filed          20-CI-00074     02/12/2020          Camron Laycock, Muhlenberg Circuit Clerk ORIGINAL DOCUMENT
                                                                              03/11/2020 11:43:47 AM
                                                                              90450-114

## COUNT II – FAILURE TO WARN

26. That Plaintiff restates and incorporates allegations contained in paragraphs 1 through 25 as if fully set forth herein.

27. At all times material hereto, GSK researched, tested, developed, designed, licensed, manufactured, packaged, labeled, marketed, sold to patients and/or introduced the Shingrix vaccine into the stream of commerce knowing the vaccine would be administered to patients as a shingles vaccine. In the course of the same, GSK advertised and/or marketed the product to health care professionals and consumers, including the Plaintiff and Plaintiff's physicians, and therefore had a duty to warn of the risks associated with the administration of the Shingrix vaccine. GSK breached this duty.

28. The Shingrix vaccine was expected to, and did, reach the Plaintiff without substantial change or adjustment in its condition as designed, manufactured, and sold by GSK.

29. The Shingrix vaccine as designed, developed, tested, manufactured, marketed, labeled, sold, and/or placed in the stream of commerce by Defendants was in an unreasonably dangerous and defective condition when it left the hands of the Defendants and posed a threat to any user of the vaccine when put to its intended and reasonably anticipated use.

30. Plaintiff was in the class of persons that GSK actually considered, or should have considered, to be subject to the harm caused by the defective nature of the Shingrix vaccine.

7

Presiding Judge: HON. BRIAN WIGGINS (645316)

COM : 000007 of 000015

31. The Shingrix vaccine placed into the stream of commerce by GSK is defective due to inadequate warning because GSK knew or should have know that the Shingrix Vaccine could cause suffering from encephalitis, difficulty recognizing people, memory loss, passing out, feeling light-headed and other issues therefore giving rise to physical and mental injury, pain and suffering, and the potential need for emergency medical treatment with the attendant risks of complication and death, but failed to give consumers adequate warning of such risks.

32. The Shingrix vaccine was administered to Plaintiff in a manner reasonably anticipated by GSK.

33. GSK failed to timely and reasonably warn Plaintiff and Plaintiff's physicians of material facts regarding the safety of the Shingrix vaccine. Had they done so, proper warnings would have been heeded and no healthcare professional, including Plaintiff's physicians, would have administered the Shingrix vaccine, and no consumer, including Plaintiff, would have purchased and/or used the Shingrix vaccine.

34. The Shingrix vaccine, which was researched, developed, designed, tested, manufactured, inspected, labeled, distributed, marketed, promoted, sold and otherwise released into the stream of commerce by GSK, was defective due to inadequate warnings and/or instructions because, after GSK knew or should have known that there was reasonable evidence of an association between the Shingrix vaccine and suffering from encephalitis, difficulty recognizing people, memory loss, passing out, feeling light-headed and other issues, GSK failed to provide

8

Presiding Judge: HON. BRIAN WIGGINS (645316)

COM : 000008 of 000015

Filed          20-CI-00074     02/12/2020          Camron Laycock, Muhlenberg Circuit Clerk DOCUMENT
                                                                    03/11/2020 11:43:47 AM
                                                                    90450-114

adequate warnings to healthcare professionals and the consumer public, including Plaintiff and Plaintiff's physician, and construed to aggressively promote the Shingrix vaccine.

35. GSK's acts and omissions constitute an adulteration, misbranding, or both, as defined by the Federal Food, Drug and Cosmetic Act, 21 U.S.C. §§ 331 and 333, and constitute a breach of duty, subjecting GSK to civil liability for all damages arising therefrom.

36. As a direct and proximate result of GSK's placement of the defective Shingrix vaccine into the stream of commerce and Plaintiff's use of the defective Shingrix vaccine as designed, manufactured, labeled, sold, supplied, and introduced into the stream of commerce by GSK and/or GSK's failure to comply with federal requirements, Plaintiff suffered serious physical and mental injury, harm, damages and economic loss and will continue to suffer such harm, damages and economic loss in the future.

### COUNT III – BREACH OF EXPRESS WARRANTY

37. That Plaintiff restates and incorporates allegations contained in paragraphs 1 through 36 as if fully set forth herein.

38. GSK made representations to Plaintiff and/or her physicians, regarding the character, quality and potential side effects of the Shingrix vaccine.

39. Plaintiff reasonably relied on these representations about the safety of the Shingrix vaccine, to her detriment.

9

Presiding Judge: HON. BRIAN WIGGINS (645316)

COM : 000009 of 000015

Filed          20-CI-00074      02/12/2020          Camron Laycock, Muhlenberg Circuit Clerk

NOT ORIGINAL DOCUMENT
03/11/2020 11:43:47 AM
90450-114

40. As a direct and proximate result of GSK's placement of the defective Shingrix vaccine into the stream of commerce and Plaintiff's use of the defective Shingrix vaccine as designed, manufactured, sold, supplied, and introduced into the stream of commerce by GSK and/or GSK's failure to comply with applicable law, Plaintiff suffered serious physical and mental injury, harm, damages and economic loss and will continue to suffer such harm, damages and economic loss in the future.

### COUNT IV – NEGLIGENCE

41. That Plaintiff restates and incorporates allegations contained in paragraphs 1 through 40 as if fully set forth herein.

42. At all relevant times, GSK had a duty to individuals, including the Plaintiff to exercise reasonable and ordinary are in the manufacture, design, packaging, labeling, instructions, warnings, sale, marketing, and distribution of the Shingrix vaccine, and to train physicians in the possible side effects that might be experienced by patients.

43. GSK breached their duty of care to Plaintiff, in the manufacture, design, packaging, labeling, warnings, instructions, sale, marketing, distribution, and recruitment and training of physicians in the possible side effects that might be experienced by patients.

44. Among other things, GSK breached their duty of care to Plaintiff by failing to design the Shingrix vaccine so as to avoid an unreasonable risk of harm to patients in whom the Shingrix vaccine was administered, including Plaintiff; failing to use reasonable care in the testing of the Shingrix vaccine so as to avoid an

Presiding Judge: HON. BRIAN WIGGINS (645316)

COM : 000010 of 000015

10

Filed          20-CI-00074     02/12/2020          Camron Laycock, Muhlenberg Circuit Clerk

NOT ORIGINAL DOCUMENT
03/11/2020 11:43:47 AM
90450-114

unreasonable risk of harm to patients in whom the Shingrix vaccine is administered; failing to conduct clinical studies to determine if the Shingrix vaccine was safe and effective.

45. GSK also failed to appropriately study the risk of side effects with the design of the Shingrix vaccine, including the propensity to cause encephalitis, difficulty recognizing people, memory loss, passing out, feeling light-headed and other issues, resulting in injury.

46. GSK also acted negligently when it placed the Shingrix vaccine on the market, and it was administered to Plaintiff, without effectively warning Plaintiff of the potential side effects.

47. Suffering from encephalitis, difficulty recognizing people, memory loss, passing out, feeling light-headed and other issues has significantly impaired Plaintiff's quality of life.

48. As a direct, proximate, and foreseeable result of GSK's negligence, Plaintiff has experienced significant mental and physical pain and suffering, have sustained sever and permanent injuries requiring past and future medical treatment, and resulting in disability, impairment, loss of enjoyment of life, loss of care, comfort, consortium, and have incurred financial or economic loss, including, but not limited to, obligations for medical expenses, lost income, and other damages.

## COUNT V – NEGLIGENT MISREPRESENTATION

49. That Plaintiff restates and incorporates allegations contained in paragraphs 1 through 48 as if fully set forth herein.

Presiding Judge: HON. BRIAN WIGGINS (645316)

COM : 000011 of 000015

Filed          20-CI-00074     02/12/2020          Camron Laycock, Muhlenberg Circuit Clerk

Filed          20-CI-00074     02/12/2020          Camron Laycock, Muhlenberg Circuit Clerk   DOCUMENT
                                                                              03/11/2020 11:43:47 AM
                                                                              90450-114

50. At the time GSK manufactured, designed, marketed, sold and distributed the Shingrix vaccine for use by Plaintiff, they knew or should have known of the use for which the Shingrix vaccine was intended and the serious risks and dangers associated with such administration of the vaccine.

51. GSK owed a duty to physicians and patients using the Shingrix vaccine, including Plaintiff, to accurately and truthfully disclose the risks of the vaccine, including that the vaccine could cause encephalitis, difficulty recognizing people, memory loss, passing out, feeling light-headed and other issues. GSK breached that duty by misrepresenting and/or failing to adequately warn Plaintiff's physicians, the medical community, Plaintiff, and the public about the risks of the Shingrix vaccine, which GSK knew or in the exercise of diligence should have known.

52. As a direct and proximate result of GSK's wrongful conduct, Plaintiff sustained and will continue to sustain severe physical injuries, severe emotional distress, mental anguish, economic losses and other damages for which she is entitled to compensatory damages in an amount to be proven at trial.

## COUNT VI – RES IPSA LOQUITUR

53. That Plaintiff restates and incorporates allegations contained in paragraphs 1 through 52 as if fully set forth herein.

54. As set forth above, GSK had full control of the Shingrix Vaccine which caused the injuries to Plaintiff.

55. The injuries suffered by Plaintiff could not have happened if GSK, having control of the Shingrix vaccine, had not been negligent.

Presiding Judge: HON. BRIAN WIGGINS (645316)

COM : 000012 of 000015

Filed          20-CI-00074     02/12/2020          Camron Laycock, Muhlenberg Circuit Clerk

Filed          20-CI-00074      02/12/2020          Camron Laycock, Muhlenberg Circuit Clerk

NOT ORIGINAL DOCUMENT
03/11/2020 11:43:47 AM
90450-114

56. The Plaintiff's injuries resulted from the administration of the Shingrix vaccine.

57. As a result, the finder of fact can infer negligence on behalf of GSK and Plaintiff is entitled to damages in an amount to be proven at trial.

WHEREFORE, the Plaintiff, Teresa Gardner, seeks relief as described herein against the Defendants as follows:

1.  For a trial by jury;

2.  For a judgment in favor of Ms. Gardner against the Defendants, in an amount that is determined to be fair and reasonable, for:

    a.  Lost earnings of Ms. Gardner;

    b.  Pain and suffering;

    c.  Loss of earning capacity;

    d.  Medical expenses;

    e.  Punitive damages;

    f.  Other expenses incurred by Ms. Gardner; and

    g.  Ms. Gardner's costs, including attorney's fees.

3.  For an award of any and all reasonable attorney's fees and costs incurred by the Plaintiff;

4.  For an inference pursuant to the doctrine of res ipsa loquitur; and

5.  For any and all other and relief as may be deemed just and proper to the Plaintiff upon the proof presented at trial.

13

Presiding Judge: HON. BRIAN WIGGINS (645316)

COM : 000013 of 000015

Filed          20-CI-00074     02/12/2020          Camron Laycock, Muhlenberg Circuit Clerk DOCUMENT
                                                                        03/11/2020 11:43:47 AM
                                                                        90450-114

This 12th day of February, 2020.

Respectfully submitted,

BRODERICK & DAVENPORT, PLLC
921 College Street-Phoenix Place
Post Office Box 3100
Bowling Green, KY 42102-3100
Telephone:    (270) 782-6700
Facsimile:    (270) 782-3110


/s/ Brandon T. Murley
DAVID F. BRODERICK
BRANDON T. MURLEY
*Attorney for Plaintiff*

Presiding Judge: HON. BRIAN WIGGINS (645316)

COM : 000014 of 000015

14

Filed          20-CI-00074        02/12/2020          Camron Laycock, Muhlenberg Circuit Clerk

NOT ORIGINAL DOCUMENT
03/11/2020 11:43:47 AM
90450-114

## VERIFICATION

I, Plaintiff, Teresa Gardner, do herby verify that all statements contained in the foregoing Complaint are true and correct.

_____

TERESA GARDNER

COMMONWEALTH OF KENTUCKY )
                                                    ) §
COUNTY OF MUHLENBERG    )

Subscribed and sworn to this 12th day of February, 2020 by Teresa Gardner, who acknowledged the foregoing to be her free act and deed.

_____
Notary Public, State at Large
My Commission Expires: 6-23-2020
Notary Identification No.: 557966

CYNTHIA F STOLLINGS
NOTARY PUBLIC
State at Large, Kentucky
ID # 557966
My Commission Expires 6/23/2020

Presiding Judge: HON. BRIAN WIGGINS (645316)

15

COM : 000015 of 000015



AOC-E-105        Sum Code: CI
Rev. 9-14

Commonwealth of Kentucky
Court of Justice        Courts.ky.gov

CR 4.02; Cr Official Form 1

# CIVIL SUMMONS

NOT ORIGINAL DOCUMENT
03/11/2020 11:44:46 AM
90450-114

Case #: **20-CI-00074**
Court: **CIRCUIT**
County: **MUHLENBERG**

*Plantiff,* **GARDNER, TERESA VS. GLAXOSMITHKLINE, LLC, ET AL**, *Defendant*

TO:  **GLAXOSMITHKLINE, LLC**

   **CORPORATION SERVICES COMPANY**

   **421 WEST MAIN STREET**

   **FRANKFORT, KY 40601**

Memo: Related party is GLAXOSMITHKLINE, LLC

The Commonwealth of Kentucky to Defendant:
**GLAXOSMITHKLINE, LLC**

   You are hereby notified that a **legal action has been filed against you** in this Court demanding relief as shown on the document delivered to you with this Summons. **Unless a written defense is made by you or by an attorney on your behalf within twenty (20) days** following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached complaint.

The name(s) and address(es) of the party or parties demanding relief against you or his/her (their) attorney(s) are shown on the document delivered to you with this Summons.

/s/ Camron Laycock,
Muhlenberg Circuit Clerk
Date: **2/12/2020**

Presiding Judge: HON. BRIAN WIGGINS (645316)

## Proof of Service

This Summons was:

☐ Served by delivering a true copy and the Complaint (or other initiating document)

   To: _____

☐ Not Served because: _____

Date: _____, 20 _____        _____
                                                          Served By

                                                          _____
                                                          Title

CI : 000001 of 000001

Summons ID: @00000074768
CIRCUIT: 20-CI-00074 Certified Mail
GARDNER, TERESA VS. GLAXOSMITHKLINE, LLC, ET AL



Page 1 of 1

eFiled



| AOC-E-105<br>Rev. 9-14 | Sum Code: CI | | Case #: **20-CI-00074** |
|---|---|---|---|
| Commonwealth of Kentucky<br>Court of Justice    *Courts.ky.gov* | | | Court: **CIRCUIT** |
| CR 4.02; Cr Official Form 1 | **CIVIL SUMMONS** | | County: **MUHLENBERG** |

NOT ORIGINAL DOCUMENT
03/11/2020 11:44:13 AM
90450-114

*Plaintiff,* **GARDNER, TERESA VS. GLAXOSMITHKLINE, LLC, ET AL**, *Defendant*

TO:  **GLAXOSMITHKLINE, PLC**
**OFFICE OF SECRETARY OF STATE**
**700 CAPITAL AVENUE, SUITE 86**
**FRANKFORT, KY 40601**

The Commonwealth of Kentucky to Defendant:

   You are hereby notified that a **legal action has been filed against you** in this Court demanding relief as shown on the document delivered to you with this Summons.  **Unless a written defense is made by you or by an attorney on your behalf within twenty (20) days** following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached complaint.

The name(s) and address(es) of the party or parties demanding relief against you or his/her (their) attorney(s) are shown on the document delivered to you with this Summons.

                    /s/ Camron Laycock,
                    Muhlenberg Circuit Clerk
                    Date: **2/12/2020**

*(right margin, rotated)* Presiding Judge: HON. BRIAN WIGGINS (645316)

## Proof of Service

This Summons was:

☐ Served by delivering a true copy and the Complaint (or other initiating document)

   To: _____

☐ Not Served because: _____

   Date: _____, 20 _____     _____
                                          Served By

                                          _____
                                          Title

*(right margin, rotated)* CI : 000001 of 000001





eFiled

NOT ORIGINAL DOCUMENT
03/11/2020 11:45:03 AM
90450-114

| | | |
|---|---|---|
| AOC-E-105<br>Rev. 9-14<br><br>Commonwealth of Kentucky<br>Court of Justice      Courts.ky.gov<br><br>CR 4.02; Cr Official Form 1 | <br><br>**CIVIL SUMMONS** | Case #:  **20-CI-00074**<br>Court:  **CIRCUIT**<br>County:  **MUHLENBERG** |

*Plaintiff,* **GARDNER, TERESA VS. GLAXOSMITHKLINE, LLC, ET AL**, *Defendant*

TO:   **GLAXOSMITHKLINE HOLDINGS (AMERICAS) INC.**

   **WILMINGTON TRUST SP SERVICES, INC.**

   **1105 N. MARKET STREET, SUITE 1300**

   **WILMINGTON, DE 19801**

Memo: Related party is GLAXOSMITHKLINE HOLDINGS (AMERICAS) INC.

The Commonwealth of Kentucky to Defendant:
**GLAXOSMITHKLINE HOLDINGS (AMERICAS) INC.**

   You are hereby notified that a **legal action has been filed against you** in this Court demanding relief as shown on the document delivered to you with this Summons.  **Unless a written defense is made by you or by an attorney on your behalf within twenty (20) days** following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached complaint.

The name(s) and address(es) of the party or parties demanding relief against you or his/her (their) attorney(s) are shown on the document delivered to you with this Summons.

/s/ Camron Laycock,
Muhlenberg Circuit Clerk
Date: **2/12/2020**

Presiding Judge: HON. BRIAN WIGGINS (645316)

## Proof of Service

This Summons was:

☐ Served by delivering a true copy and the Complaint (or other initiating document)

   To: _____

☐ Not Served because: _____

   Date: _____, 20 _____

   _____
                            Served By

   _____
                            Title

CI : 000001 of 000001

Summons ID: @00000074769
CIRCUIT: 20-CI-00074 Certified Mail
GARDNER, TERESA VS. GLAXOSMITHKLINE, LLC, ET AL



Page 1 of 1



Filed          20-CI-00074     02/12/2020          Camron Laycock, Muhlenberg Circuit Clerk

NOT ORIGINAL DOCUMENT
03/11/2020 11:45:32 AM
90450-114

**COMMONWEALTH OF KENTUCKY**
**MUHLENBERG CIRCUIT COURT**
**DIVISION NO. _____**
**CIVIL ACTION NO. _____**

TERESA GARDNER                                                      PLAINTIFF

v.                    **INTERROGATORIES AND REQUESTS**
          **FOR ADMISSION PROPOUNDED UPON GLAXOSMITHKLINE, LLC**

GLAXOSMITHKLINE, LLC;
GLAXOSMITHKLINE HOLDINGS
(AMERICAS) INC.; and
GLAXOSMITHKLINE, PLC                                               DEFENDANTS

Comes now the Plaintiff, Teresa Gardner, by and through counsel, for her

Interrogatories and Requests for Admission Propounded Upon Glasxosmithkline, LLC,

and requests that the same be answered under oath, within the time prescribed by the

Civil Rules.

**DEFINITIONS**

The following definitions apply to these discovery requests:

1.  "You" or "Your" refers to the Defendant, Glasxosmithkline, LLC.

2.  "Plaintiff" refers to the Plaintiff, Teresa Gardner.

3.  "Identify" or "Identity" means as follows:

    A)  When used in reference to a person it means to state the full name, present

        address, present or last known employment or business affiliation of any and

        all persons to whom the Interrogatory or Request applies.

1

Presiding Judge: HON. BRIAN WIGGINS (645316)

REQA : 000001 of 000004

Filed          20-CI-00074     02/12/2020        Camron Laycock, Muhlenberg Circuit Clerk

NOT ORIGINAL DOCUMENT
03/11/2020 11:45:32 AM
90450-114

B) When used in reference to a corporation, firm or other entity, it means its full name, form of organization and present or last known address.

C) When used in reference to a document, it means the type of document, its author or originator, the date it was originated, its recipients, its present location by address and its custodian; and if the document was, but is no longer in Defendant's possession or subject to Defendant's control, to state what disposition was made of it.

4. "Person(s)" means and includes, in addition to natural persons, any and all corporations, partnerships, employees, attorneys or experts in which the Request for Production applies.

5. "Document" or "Documents" has the meaning intended by the Federal Rules of Civil Procedure and includes the originals, all copies of which are not identified to the original or to each other, and all drafts of all written, reported, recorded or graphic matter, however produced or reproduced, now or at any time in Defendant's possession, custody or control, including but not limited to, correspondence, contracts, telegrams, memoranda, minutes, notes, reports, records, drafts, recordings, notebooks, plans, computer printouts and all records stored or maintained by electronic, photographic or mechanical means.   All Documents within Defendant's possession, custody or control shall be produced. Without limitation, a Document is deemed to be in Defendant's control if it has a superior right to compel the production of the requested discovery from a third party (including an agency, authority or representative).

Presiding Judge: HON. BRIAN WIGGINS (645316)

REQA : 000002 of 000004

2

Filed          20-CI-00074     02/12/2020        Camron Laycock, Muhlenberg Circuit Clerk

Filed          20-CI-00074     02/12/2020          Camron Laycock, Muhlenberg Circuit Clerk

NOT ORIGINAL DOCUMENT
03/11/2020 11:45:32 AM
90450-114

Presiding Judge: HON. BRIAN WIGGINS (645316)

REQA : 000003 of 000004

6. "Communication" means any disclosure, transfer or exchange of information or opinion, however made, including but not limited to, inquiries, discussions, conversations, negotiations, agreements, understandings, meetings, telephone conversations, voicemail, letters, correspondence, notes, telegrams, telexes, advertisements, facsimiles, electronic mail, text message or any other forms of written, verbal and/or communicative intercourse.

7. The "Complaint" refers to the Verified Complaint filed by Teresa Gardner initiating this matter.

**REQUESTS FOR ADMISSION**

**REQUEST FOR ADMISSION NO. 1:**  Please admit that Glasxosmithkline, LLC is a company engaged in the business of designing, licensing, manufacturing, labeling, distributing, selling, marketing, testing and packing the Shingrix vaccine.

**RESPONSE:**

**INTERROGATORIES**

**INTERROGATORY NO. 1:**  If the response to Request for Admission No. 1 is in the negative, please identify the entity associated with the following as it relates to the Shingrix vaccine, including but not limited to, the principle place of business, registered address, registered agent the following as it relates to the Shingrix vaccine entering into interstate commerce into the state of Kentucky:

a) The design of the Shingrix vaccine;

b) The licensing of the Shingrix vaccine;

c) The labeling of the Shingrix vaccine;

3

Filed          20-CI-00074     02/12/2020          Camron Laycock, Muhlenberg Circuit Clerk

Filed Original Document
03/11/2020 11:45:32 AM
90450-114

d)  The manufacturing of the Shingrix vaccine;

e)  The distributing of the Shingrix vaccine;

f)  The sale of the Shingrix vaccine;

g)  The marketing of the Shingrix vaccine; and

h)  Introducing into interstate commerce the Shingrix vaccine.

**ANSWER:**

This 12th day of February, 2020.

BRODERICK & DAVENPORT, PLLC
921 College Street-Phoenix Place
Post Office Box 3100
Bowling Green, KY 42102-3100
Telephone:   (270) 782-6700
Facsimile:    (270) 782-3110


/s/ Brandon T. Murley _____
DAVID F. BRODERICK
BRANDON T. MURLEY
*Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

This is to certify that the foregoing Interrogatories and Requests for Admissions were attached to the Complaint and served with the Civil Summons upon the respective Defendant.

/s/ Brandon T. Murley _____
DAVID F. BRODERICK
BRANDON T. MURLEY
*Attorney for Plaintiff*

Presiding Judge: HON. BRIAN WIGGINS (645316)

REQA : 000004 of 000004

4

Filed          20-CI-00074      02/12/2020        Camron Laycock, Muhlenberg Circuit Clerk

NOT ORIGINAL DOCUMENT
03/11/2020 11:46:01 AM
90450-114

**COMMONWEALTH OF KENTUCKY**
**MUHLENBERG CIRCUIT COURT**
**DIVISION NO. _____**
**CIVIL ACTION NO. _____**

TERESA GARDNER                                        PLAINTIFF

v.                  **INTERROGATORIES AND REQUESTS**
**FOR ADMISSION PROPOUNDED UPON GLAXOSMITHKLINE, PLC**

GLAXOSMITHKLINE, LLC;
GLAXOSMITHKLINE HOLDINGS
(AMERICAS) INC.; and
GLAXOSMITHKLINE, PLC                                DEFENDANTS

Comes now the Plaintiff, Teresa Gardner, by and through counsel, for her Interrogatories and Requests for Admission Propounded Upon Glasxosmithkline, PLC, and requests that the same be answered under oath, within the time prescribed by the Civil Rules.

**DEFINITIONS**

The following definitions apply to these discovery requests:

1. "You" or "Your" refers to the Defendant, Glasxosmithkline, PLC.

2. "Plaintiff" refers to the Plaintiff, Teresa Gardner.

3. "Identify" or "Identity" means as follows:

    A) When used in reference to a person it means to state the full name, present address, present or last known employment or business affiliation of any and all persons to whom the Interrogatory or Request applies.

Presiding Judge: HON. BRIAN WIGGINS (645316)

REQA : 000001 of 000004

1

Filed          20-CI-00074     02/12/2020          Camron Laycock, Muhlenberg Circuit Clerk NOT ORIGINAL DOCUMENT
                                                                                  03/11/2020 11:46:01 AM
                                                                                  90450-114

B)  When used in reference to a corporation, firm or other entity, it means its full name, form of organization and present or last known address.

C)  When used in reference to a document, it means the type of document, its author or originator, the date it was originated, its recipients, its present location by address and its custodian; and if the document was, but is no longer in Defendant's possession or subject to Defendant's control, to state what disposition was made of it.

4.  "Person(s)" means and includes, in addition to natural persons, any and all corporations, partnerships, employees, attorneys or experts in which the Request for Production applies.

5.  "Document" or "Documents" has the meaning intended by the Federal Rules of Civil Procedure and includes the originals, all copies of which are not identified to the original or to each other, and all drafts of all written, reported, recorded or graphic matter, however produced or reproduced, now or at any time in Defendant's possession, custody or control, including but not limited to, correspondence, contracts, telegrams, memoranda, minutes, notes, reports, records, drafts, recordings, notebooks, plans, computer printouts and all records stored or maintained by electronic, photographic or mechanical means.   All Documents within Defendant's possession, custody or control shall be produced. Without limitation, a Document is deemed to be in Defendant's control if it has a superior right to compel the production of the requested discovery from a third party (including an agency, authority or representative).

Presiding Judge: HON. BRIAN WIGGINS (645316)

REQA : 000002 of 000004

Filed          20-CI-00074     02/12/2020          Camron Laycock, Muhlenberg Circuit Clerk

Filed            20-CI-00074      02/12/2020          Camron Laycock, Muhlenberg Circuit Clerk

NOT ORIGINAL DOCUMENT
03/11/2020 11:46:01 AM
90450-114

6. "Communication" means any disclosure, transfer or exchange of information or opinion, however made, including but not limited to, inquiries, discussions, conversations, negotiations, agreements, understandings, meetings, telephone conversations, voicemail, letters, correspondence, notes, telegrams, telexes, advertisements, facsimiles, electronic mail, text message or any other forms of written, verbal and/or communicative intercourse.

7. The "Complaint" refers to the Verified Complaint filed by Teresa Gardner initiating this matter.

**REQUESTS FOR ADMISSION**

**REQUEST FOR ADMISSION NO. 1:**   Please admit that Glasxosmithkline, PLC is a company engaged in the business of designing, licensing, manufacturing, labeling, distributing, selling, marketing, testing and/or packing the Shingrix vaccine.

**RESPONSE:**

**INTERROGATORIES**

**INTERROGATORY NO. 1:**   If the response to Request for Admission No. 1 is in the negative, please identify the entity associated with the following as it relates to the Shingrix vaccine, including but not limited to, the principle place of business, registered address, registered agent the following as it relates to the Shingrix vaccine entering into interstate commerce into the state of Kentucky:

a)   The design of the Shingrix vaccine;

b)   The licensing of the Shingrix vaccine;

c)   The labeling of the Shingrix vaccine;

3

Presiding Judge: HON. BRIAN WIGGINS (645316)

REQA : 000003 of 000004

Filed          20-CI-00074     02/12/2020          Camron Laycock, Muhlenberg Circuit Clerk DOCUMENT
                                                                        03/11/2020 11:46:01 AM
                                                                        90450-114

    d) The manufacturing of the Shingrix vaccine;

    e) The distributing of the Shingrix vaccine;

    f) The sale of the Shingrix vaccine;

    g) The marketing of the Shingrix vaccine; and

    h) Introducing into interstate commerce the Shingrix vaccine.

**ANSWER:**

    This 12th day of February, 2020.

> BRODERICK & DAVENPORT, PLLC
> 921 College Street-Phoenix Place
> Post Office Box 3100
> Bowling Green, KY 42102-3100
> Telephone:   (270) 782-6700
> Facsimile:    (270) 782-3110
>
> /s/ Brandon T. Murley _____
> DAVID F. BRODERICK
> BRANDON T. MURLEY
> *Attorney for Plaintiff*

### <u>CERTIFICATE OF SERVICE</u>

    This is to certify that the foregoing Interrogatories and Requests for Admissions were attached to the Complaint and served with the Civil Summons upon the respective Defendant.

> /s/ Brandon T. Murley _____
> DAVID F. BRODERICK
> BRANDON T. MURLEY
> *Attorney for Plaintiff*

Presiding Judge: HON. BRIAN WIGGINS (645316)

REQA : 000004 of 000004

Filed          20-CI-00074     02/12/2020          Camron Laycock, Muhlenberg Circuit Clerk

Filed          20-CI-00074      02/12/2020          Camron Laycock, Muhlenberg Circuit Clerk

NOT ORIGINAL DOCUMENT
03/11/2020 11:46:24 AM
90450-114

**COMMONWEALTH OF KENTUCKY**
**MUHLENBERG CIRCUIT COURT**
**DIVISION NO. _____**
**CIVIL ACTION NO. _____**

TERESA GARDNER                                                    PLAINTIFF

v.               **INTERROGATORIES AND REQUESTS**
**FOR ADMISSION PROPOUNDED UPON GLAXOSMITHKLINE HOLDINGS**
**(AMERICAS) INC.**

GLAXOSMITHKLINE, LLC;
GLAXOSMITHKLINE HOLDINGS
(AMERICAS) INC.; and
GLAXOSMITHKLINE, PLC                                              DEFENDANTS

Comes now the Plaintiff, Teresa Gardner, by and through counsel, for her Interrogatories and Requests for Admission Propounded Upon Glasxosmithkline, Holdings (Americas) Inc., and requests that the same be answered under oath, within the time prescribed by the Civil Rules.

**DEFINITIONS**

The following definitions apply to these discovery requests:

1. "You" or "Your" refers to the Defendant, Glasxosmithkline Holdings (Americas) Inc.

2. "Plaintiff" refers to the Plaintiff, Teresa Gardner.

3. "Identify" or "Identity" means as follows:

   A) When used in reference to a person it means to state the full name, present address, present or last known employment or business affiliation of any and all persons to whom the Interrogatory or Request applies.

1

Presiding Judge: HON. BRIAN WIGGINS (645316)

REQA : 000001 of 000004

Filed          20-CI-00074     02/12/2020          Camron Laycock, Muhlenberg Circuit Clerk

NOT ORIGINAL DOCUMENT
03/11/2020 11:46:24 AM
90450-114

B)  When used in reference to a corporation, firm or other entity, it means its full name, form of organization and present or last known address.

C)  When used in reference to a document, it means the type of document, its author or originator, the date it was originated, its recipients, its present location by address and its custodian; and if the document was, but is no longer in Defendant's possession or subject to Defendant's control, to state what disposition was made of it.

4.  "Person(s)" means and includes, in addition to natural persons, any and all corporations, partnerships, employees, attorneys or experts in which the Request for Production applies.

5.  "Document" or "Documents" has the meaning intended by the Federal Rules of Civil Procedure and includes the originals, all copies of which are not identified to the original or to each other, and all drafts of all written, reported, recorded or graphic matter, however produced or reproduced, now or at any time in Defendant's possession, custody or control, including but not limited to, correspondence, contracts, telegrams, memoranda, minutes, notes, reports, records, drafts, recordings, notebooks, plans, computer printouts and all records stored or maintained by electronic, photographic or mechanical means.   All Documents within Defendant's possession, custody or control shall be produced. Without limitation, a Document is deemed to be in Defendant's control if it has a superior right to compel the production of the requested discovery from a third party (including an agency, authority or representative).

Presiding Judge: HON. BRIAN WIGGINS (645316)

REQA : 000002 of 000004

2

Filed          20-CI-00074     02/12/2020          Camron Laycock, Muhlenberg Circuit Clerk

Filed          20-CI-00074      02/12/2020          Camron Laycock, Muhlenberg Circuit Clerk DOCUMENT
                                                                                        03/11/2020 11:46:24 AM
                                                                                        90450-114

6. "Communication" means any disclosure, transfer or exchange of information or opinion, however made, including but not limited to, inquiries, discussions, conversations, negotiations, agreements, understandings, meetings, telephone conversations, voicemail, letters, correspondence, notes, telegrams, telexes, advertisements, facsimiles, electronic mail, text message or any other forms of written, verbal and/or communicative intercourse.

7. The "Complaint" refers to the Verified Complaint filed by Teresa Gardner initiating this matter.

**REQUESTS FOR ADMISSION**

**REQUEST FOR ADMISSION NO. 1:**   Please admit that Glasxosmithkline Holdings (Americas) Inc. is a company engaged in the business of designing, licensing, manufacturing, labeling, distributing, selling, marketing, testing and/or packing the Shingrix vaccine.

**RESPONSE:**

**INTERROGATORIES**

**INTERROGATORY NO. 1:**   If the response to Request for Admission No. 1 is in the negative, please identify the entity associated with the following as it relates to the Shingrix vaccine, including but not limited to, the principle place of business, registered address, registered agent the following as it relates to the Shingrix vaccine entering into interstate commerce into the state of Kentucky:

   a) The design of the Shingrix vaccine;

   b) The licensing of the Shingrix vaccine;

Presiding Judge: HON. BRIAN WIGGINS (645316)

REQA : 000003 of 000004

Filed          20-CI-00074      02/12/2020          Camron Laycock, Muhlenberg Circuit Clerk

Filed          20-CI-00074      02/12/2020          Camron Laycock, Muhlenberg Circuit Clerk

NOT ORIGINAL DOCUMENT
03/11/2020 11:46:24 AM
90450-114

c)  The labeling of the Shingrix vaccine;

d)  The manufacturing of the Shingrix vaccine;

e)  The distributing of the Shingrix vaccine;

f)  The sale of the Shingrix vaccine;

g)  The marketing of the Shingrix vaccine; and

h)  Introducing into interstate commerce the Shingrix vaccine.

**ANSWER:**

This 12th day of February, 2020.

> BRODERICK & DAVENPORT, PLLC
> 921 College Street-Phoenix Place
> Post Office Box 3100
> Bowling Green, KY  42102-3100
> Telephone:   (270) 782-6700
> Facsimile:   (270) 782-3110
>
>
> /s/ Brandon T. Murley _____
> DAVID F. BRODERICK
> BRANDON T. MURLEY
> *Attorney for Plaintiff*

### CERTIFICATE OF SERVICE

This is to certify that the foregoing Interrogatories and Requests for Admissions were attached to the Complaint and served with the Civil Summons upon the respective Defendant.

> /s/ Brandon T. Murley _____
> DAVID F. BRODERICK
> BRANDON T. MURLEY
> *Attorney for Plaintiff*

Presiding Judge: HON. BRIAN WIGGINS (645316)

REQA : 000004 of 000004

4

NOT ORIGINAL DOCUMENT
03/11/2020 11:47:25 AM
90450-114



**Commonwealth of Kentucky**
**Camron Laycock, Muhlenberg Circuit Clerk**

| | |
|---|---|
| **Case #:** 20-CI-00074 | **Envelope #:** 2233319 |
| **Received From:** BRODERICK & DAVENPORT, PLLC | **Account Of:** BRODERICK & DAVENPORT, PLLC |
| **Case Title:** GARDNER, TERESA VS. GLAXOSMITHKLINE, LLC, ET AL | **Confirmation Number:** 105069872 |
| **Filed On** 2/12/2020  11:47:13AM | |

| # | Item Description | Amount |
|---|---|---|
| 1 | Access To Justice Fee | $20.00 |
| 2 | Civil Filing Fee | $150.00 |
| 3 | Money Collected For Others(Court Tech. Fee) | $20.00 |
| 4 | Library Fee | $1.00 |
| 5 | Court Facilities Fee | $25.00 |
| 6 | Money Collected For Others(Attorney Tax Fee) | $5.00 |
| 7 | Charges For Services(Jury Demand / 12) | $70.00 |
| 8 | Money Collected For Others(Postage) | $26.20 |
| 9 | Charges For Services(Copy - Photocopy) | $5.80 |
| 10 | Money Collected For Others(Postage) | $14.00 |
| 11 | Money Collected For Others(Secretary of State) | $15.45 |
| 12 | Charges For Services(Copy - Photocopy) | $5.80 |
| 13 | Charges For Services(Attestation) | $0.50 |
| | **TOTAL:** | $358.75 |